**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 0 8 2019

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

In the United States District Court
Eastern District of Arkansas
Western Division

Laura K. Campbell, on behalf of herself
and all others similarly situated                                    Plaintiff

v.                              Case No. ___4:19-cv-179-JM___

Michael A. Jacob, II
Jacob Law Group, PLLC
Jefferson Capital Systems, LLC                                    Defendants

## Complaint – Class Action

1.    Defendants Michael A. Jacob, II, Jacob Law Group, PLLC, and Jefferson Capital Systems, LLC, attempted to collect consumer debts from Plaintiff Laura K. Campbell, and putative class members through standardized, form debt collection complaints filed in Arkansas state courts that fraudulently and falsely averred Jefferson Capital Systems, LLC "holds in due course a claim … pursuant to a COMENITY BANK account."

2.    Jefferson Capital Systems, LLC, is not a holder in due course of Comenity Bank accounts.

3.    The averment in the standardized, form debt collection complaints that Jefferson Capital Systems, LLC, is a holder in due course is literally false, and violates the Fair Debt Collection Practices Act's and the Arkansas Fair Debt Collection Practices Act's prohibition against debt collectors using false representations to collect debts.

4.    The Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.* and the Arkansas Fair Debt Collection Practices Act (AFDCA), Ark.

This case assigned to District Judge___Moody___
and to Magistrate Judge___Ray___

Code Ann. § 17-24-501, *et seq.,* broadly prohibit unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. They also require debt collectors to give debtors certain information. 15 U.S.C. §§ 1692d, 1692e, 1692f and 1692g; Ark. Code Ann. §§ 17-24-505, 17-24-506, 17-24-507, and 17-24-508.

5.     In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

6.     Because of this, courts have held that "[t]he FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct," and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC,* 567 F.Supp.2d 1035, 1042 (N.D.Ill.2008).

7.     The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil right expressed therein. *Crabil v. Trans Union, LLC* 259 F.3d 662, 666 (7th Cir. 2001).

8.     Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA and the AFDCPA.

## Jurisdiction

9.    Jurisdiction of this Court arises under 28 U.S.C. §§ 1331, 1367, and 15 U.S.C. § 1692k(d).

10.    This action arises out of Defendants' violations of the FDCPA and the AFDCPA, in their illegal efforts to collect a consumer debt from Campbell and the putative class members.

11.    Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

12.    Defendants have transacted business within Arkansas by attempting to collect debts through litigation from Plaintiff while she was located within and permanently residing within Arkansas.

## Parties

### *Plaintiff Laura K. Campbell*

13.    Laura K. Campbell is a citizen of Arkansas, residing in Pulaski County, Arkansas, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Ark. Code Ann. § 17-24-502(2).

### *Defendants*

14.    The term "debt collector" has two prongs:

  (a)    any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts; or

(b)    any person who regularly collects or attempts to collect, directly or indirectly, debts owed or asserted to be owed or due another. 15 U.S.C. § 1692a(6) and Ark. Code Ann. § 17-24-502(5)(A).

15.    Lawyers and law firms engaged in debt collection litigation are debt collectors under the FDCPA and the AFDCPA. *See e.g. Heintz v. Jenkins*, 514 U.S. 291, 115 S. Ct. 1489, 131 L. Ed. 395 (1995).

### Michael A. Jacob, II

16.    Michael A. Jacob, II (Jacob) is an attorney licensed to practice law in Arkansas, Mississippi, and Tennessee.

17.    Jacob is a Member and the President of Jacob Law Group PLLC.

18.    Jacob practices law with, for, and at Jacob Law Group PLLC.

19.    Jacob is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Ark. Code Ann. § 17-24-502(5)(A).

20.    Jacob uses instrumentalities of interstate commerce or the mails in his business the principal purpose of which is the collection of debts.

21.    Jacob regularly attempts to collect, directly or indirectly, debts owed or asserted to be owed another, including Jefferson Capital Systems.

22.    In the year preceding the filing of this civil action, Jacob filed over 2,300 debt collection lawsuits in Arkansas, and many more in Mississippi and Tennessee.

## *Jacob Law Group, PLLC*

23.    Jacob Law Group, PLLC (Jacob Law Group) is a foreign limited liability company operating from 2623 West Oxford Loop, Oxford, MS 38655.

24.    Jacob Law Group is a law firm.

25.    Jacob Law Group is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Ark. Code Ann. § 17-24-502(5)(A).

26.    Jacob Law Group uses instrumentalities of interstate commerce or the mails in its business the principal purpose of which is the collection of debts.

27.    Jacob Law Group regularly collects or attempts to collect, directly or indirectly, debts owed or asserted to be owed or due another.

28.    Jacob Law Group devotes a substantial percentage of its business and resources to debt collection.

29.    Jacob Law Group derives a substantial amount of its revenue from debt collection.

30.    Jacob Law Group markets itself to clients as a debt collector. *See e.g.* attached Exhibits 1-3, copy of a pages from Jacob Law Group's website: https://www.jacoblawgroup.com/, https://www.jacoblawgroup.com/ourfocus.html, https://www.jacoblawgroup.com/services.html.

31.    Jacob Law Group is a member of the National Creditor's Bar Association.

32.    In the year preceding the filing of this civil action, Jacob Law Group filed over 2,300 debt collection lawsuits in Arkansas, and many more in the states of Mississippi and Tennessee.

### *Jefferson Capital Systems, LLC*

33.    Jefferson Capital Systems, LLC (Jefferson Capital Systems), is a foreign limited liability company operating from 5775 Glenridge Drive, Suite 550, Building D, Atlanta, Georgia 30328 and 16 McLeland Road, St. Cloud, Minnesota 56303.

34.    Jefferson Capital Systems is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Ark. Code Ann. § 17-24-502(5)(A).

35.    Jefferson Capital Systems uses instrumentalities of interstate commerce of the mails in its business the principal purpose of which is the collection of debts.

36.    Jefferson Capital Systems purchases defaulted accounts of consumer debt and then attempts to collect these debts via collection letters and suing consumers in its own name as plaintiff in debt collection lawsuits.

37.    Jefferson Capital Systems does not originate loans or extend credit to consumers.

38.    Jefferson Capital Systems purchases defaulted consumer debts for pennies on the dollar, so that it can derive large profits from collection on the consumer debt it purchases.

39.    After purchasing defaulted consumer debts, Jefferson Capital Systems hires lawyers and law firms, like Jacob and Jacob Law Group, who are also debt collectors to collect the debts by filing debt collection lawsuits against consumers.

40.    Jefferson Capital Systems files debt collection lawsuits in its own name as a plaintiff, so that it can obtain judgments against consumers, become a current creditor in its own name, and then execute on the judgment by wage and account garnishment against consumers.

41.    Jefferson Capital Systems' debt collection complaints are supported by affidavits of Joan Weiman that state the consumer owes Jefferson Capital Systems a certain balance.

42.    Joan Weiman is a Custodian of Records for Jefferson Capital Systems.

43.    In the year preceding the filing of this civil action, Jefferson Capital Systems filed over 300 debt collection lawsuits in Arkansas courts, and many more across the country.

44.    Upon information and belief, almost all of Jefferson Capital Systems' resources are devoted to debt collection.

45.    Upon information and belief, almost all of Jefferson Capital Systems' revenue is derived from debt collection.

46.    Upon information and belief, almost all of Jefferson Capital Systems' expenses are related to debt collection.

47.    Jefferson Capital Systems is a licensed "collection agency" with the Arkansas State Board of Collection Agencies.

48.    As part of its licensing process with the Arkansas State Board of Collection Agencies, Jefferson Capital Systems identified 38 employees as collectors or solicitors.

49.    The term "collection agency" has three prongs:

    a.    any person, partnership, corporation, association, limited liability corporation, or firm, which engages in the collection of delinquent account, bills, or other forms of indebtedness owed or due to be owed or due to another; or

    b.    any person, partnership, corporation, association, limited liability corporation, or firm which solicits claims for collection; or

    c.    any person, partnership, corporation, association, limited liability corporation, or firm that purchases and attempts to collect delinquent accounts or bills. Ark. Code Ann. § 17-24-501.

50.    Jefferson Capital Systems' license with the Arkansas State Board of Collection Agencies means it meets at least one of the three prongs of the term "collection agency."

8

## Factual Allegations

51.    Within one year immediately preceding the filing this pleading, Defendants attempted to collect from Campbell a financial obligation primarily for personal, family or household purposes, which is therefore a "debt" as that term in defined by 15 U.S.C. § 1692a(5) and Ark. Code Ann. § 17-24-502(4), namely a defaulted Comenity Bank credit account.

52.    Comenity Bank is an FDIC insured bank that operates under federal banking law.

53.    Comenity Bank offers credit financing for credit accounts branded for various retail stores.

54.    Campbell applied for and received a Pottery Barn credit card issued by Comenity Bank. Pottery Barn is a retail home goods store.

55.    Campbell used the Comenity Bank account to make purchases at Pottery Barn for her residence.

56.    Campbell defaulted on her Comenity Bank account.

57.    Jefferson Capital Systems purchased portfolios of defaulted Comenity Bank accounts that included the Campbell's defaulted credit account.

58.    Jefferson Capital Systems retained Jacob and Jacob Law Group to collect Campbell's defaulted Comenity Bank account through litigation.

59.    Defendants' pattern and practice in collecting the defaulted Comenity Bank accounts was to aver in the debt collection complaints that Jefferson Capital Systems was a "holder in due course".

60.   A consumer looking up the meaning of the "holder in due course" on the Internet will find that it signifies that one can enforce an obligation free of defenses or claims. *See e.g.* www.thebusinessprofesor.com, "what is a holder in due course," § 21; www.merriam-webster.com, "holder in due course" ("no responsibility towards the issuer").

61.   The concept of a holder in due course does not apply to a purported debt that does not consist of a negotiable instrument.

62.   Even where a negotiable instrument is involved, a debt buyer like Jefferson Capital Systems is never a holder in due course because a holder in due course is defined as:

> [T]he holder of an instrument if:
>
> (2) The holder took the instrument (i) for value, (ii) in good faith, (iii) without notice that the instrument is overdue or has been dishonored or that there is an uncured default with respect to payment of another instrument issued as part of the same series…[.] Ark. Code Ann. § 4-3-302(a)(2).

63.   Jefferson Capital Systems purchases debts that are overdue. *See Kurt Eggert, Held Up in Due Course: Predatory Lending, Securitization, and the Holder in Due Course Doctrine.* 35 Creighton L. Rev. 503, 528, 531-32 (2002).

64.   On June 20, 2018, Jefferson Capital Systems filed a civil action against Campbell in the Circuit Court of Pulaski County, Arkansas, with the following averment: "[Jefferson Capital Systems], holds in due course a claim against [Laura K. Campbell] pursuant to a COMENITY BANK account. This account is in default and is presently due and owing in the amount listed below."

65.    The debt collection complaint was signed by Jacob and listed Jacob Law Group in the signature block as counsel for Jefferson Capital Systems.

66.    Attached to the debt-collection complaint was the Affidavit of Weiman, swearing Campbell owed Jefferson Capital Systems $1,445.90.

67.    Campbell retained and paid counsel to represent her in the debt collection litigation.

68.    Campbell answered and moved to dismiss the debt collection complaint because the holder in due course doctrine only applies to a debt that consists of a negotiable instrument and that the Comenity Bank account did not consist of a negotiable instrument.

69.    The Circuit Court of Pulaski County set Campbell's motion for a hearing.

70.    On the hearing date, Campbell appeared through counsel.

71.    No attorney appeared for Jefferson Capital Systems.

72.    The Circuit Court of Pulaski County granted Campbell's motion to dismiss.

### *Class Action Allegations*

73.    Campbell brings this claim on behalf of a class.

74.    Campbell's proposed class is defined under Fed. R. Civ. P. 23(b)(3) as all individuals named a defendant in a complaint filed in an Arkansas court in which the complaint:

11

(a)   identified Jefferson Capital Systems as the plaintiff;

(b)   identified Jacob or Jacob Law Group as the attorney and law firm for Jefferson Capital Systems;

(c)   sought to collect a debt for a Comenity Bank account;

(d)   averred that "Plaintiff holds in due course a claim;" and

(e)   was filed within one year prior to the filing of this civil action.

75.    The class is so numerous that joinder of all members is not practicable. In the year preceding the filing of this civil action, Defendants sued over 100 individuals identified in the class definition.

76.    The class has been affected by the same conduct. The common questions of law and fact that predominate over any questions affecting only individual members of the class include:

(a)   whether Defendants' engage in a practice of representing that Jefferson Capital Systems' holds in due course a claim pursuant to a Comenity Bank account;

(b)   whether Defendants' averment in debt collection complaints that Jefferson Capital Systems holds in due course a claim pursuant to a Comenity Bank account is false;

(c)   whether Defendants are debt collectors as defined by the FDCPA, 15 U.S.C. § 1692a(6) and the AFDCPA, Ark. Code Ann. § 17-24-502(a); and

(d)   whether Defendants' conduct violates each of the following provisions of the FDCPA, 15 U.S.C. §§ 1692e, 1692e(2), 1692e(6),

and 1692e(10), and the AFDCPA, Ark. Code Ann. §§ 17-24-506(a),

17-24-506(b)(2), 17-24-506(b)(6), and 17-24-506(b)(10).

77.    Campbell's claims are typical of the claims of the class members

as all are based on the same factual and legal claims. Campbell and the class

members were uniformly subjected to the same conduct.

78.    Campbell will fairly and adequately represent the class members'

interests and have retained counsel who are qualified to pursue this

litigation. Campbell's attorneys are experienced in prosecuting claims for

consumers under the FDCPA and handling FDCPA class actions.

79.    Campbell is committed to vigorously pursuing her claims.

80.    A class action is superior for the fair and efficient adjudication of

the class members' claims as Congress and the Arkansas Legislature

specifically envisioned class actions as the principal means of enforcing the

FDCPA and the AFDCPA, respectively. 15 U.S.C. § 1692k and Ark. Code

Ann. § 17-24-512. The class members are generally unsophisticated

consumers whose rights will not be vindicated in the absence of a class

action. Prosecution of separate actions by class members would also create

the risk of inconsistent or varying adjudications resulting in the

establishment of inconsistent or varying standards and would not be in the

best interest of judicial economy.

81.    A class action regarding the issues in this case with respect to the

class does not create any problems of manageability.

## Count I – Violations of the FDCPA

82.   Campbell incorporates by reference all of the above paragraphs of this Complaint, as though fully stated herein.

83.   The representation that Jefferson Capital Systems holds in due course claims pursuant to Comenity Bank accounts is false, in violation of the FDCPA, 15 U.S.C. §§ 1692e, 1692e(2), 1692e(6), and 1692e(10).

84.   Section 1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section…

  (2) The false representation of-

      (A) the character, amount, or legal status of any
          debt…[or]

  (6)  The false representation or implication that a sale,
       referral, or other transfer of any interest in a debt shall
       cause the consumer to-

      (A) lose any claim or defense to payment of the
          debt;…[or]

  (10) The use of a false representation or deceptive means to
       collect or attempt to collect any debt or to obtain
       information concerning a consumer…

85.   As a result of Defendants' violations of the FDCPA, Campbell, individually, is entitled to statutory damages in an amount up to $1,000.00 under 15 U.S.C. § 1692k(a)(2)(A) and her actual damages under 15 U.S.C. § 1692k(a)(2)(A).

14

86. As a result of Defendants' violations of the FDCPA, the class members are entitled to statutory damages in an amount not to exceed the lesser of $500,000 or 1 per centum (1%) of the net worth of Defendants under 15 U.S.C. § 1692k(a)(2)(A).

87. As a result of Defendants' violations of the FDCPA, the class members are entitled to actual damages under 15 U.S.C. § 1692k(a)(2)(A).

88. As a result of Defendants' violations of the FDCPA, Campbell and the class members are entitled to an award of attorney's fees and costs under 15 U.S.C. § 1692k(a)(3) from Defendants.

## Count II – Violations of the AFDPCA

89. Campbell incorporates by reference all of the above paragraphs of this Complaint, as though fully stated herein.

90. The representation that Jefferson Capital Systems holds in due course claims pursuant to Comenity Bank accounts is false, in violation of the AFDCPA, Ark. Code Ann. §§ 17-24-506(a), 17-24-506(b)(2), 17-24-506(b)(6), and 17-24-506(b)(10).

91. Section 17-24-506 provides:

(a) A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

(b) Without limiting the general application of subsection (a) of this section, the following conduct is a violation of this section…

   (2) The false representation of:

15

    (A) the character, amount, or legal status of a debt…[or]

(6)   The false representation or implication that a sale, referral, or other transfer of any interest in a debt shall cause the consumer to:

    (A)  Lose a claim or defense to payment of the debt;…[or]

(10) The use of a false representation or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer…

92.   As a result of Defendants' violations of the AFDCPA, Campbell, individually, is entitled to statutory damages in an amount up to $1,000.00 under Ark. Code Ann. § 17-24-512(a)(2)(A), and her actual damages under Ark. Code Ann. § 17-24-512(a)(1).

93.   As a result of Defendants' violations of the FDCPA, the class members are entitled to statutory damages in an amount not to exceed the lesser of $500,000 or 1 per centum (1%) of the net worth of Defendants under 15 U.S.C. § 1692k(a)(2)(B).

94.   As a result of Defendants' violations of the FDCPA, the class members are entitled to actual damages under Ark. Code Ann. § 17-24-512(a)(1).

95.   As a result of Defendants' violations of the FDCPA, Campbell and the class members are entitled to an award of attorney's fees and costs under Ark. Code Ann. § 17-24-512(a)(A) from Defendants.

## Jury Demand

96.    Campbell demands a trial by jury. U.S. Const. amend. 7 and Fed. R. Civ. P. 38.

## Prayer for Relief

Campbell prays that judgment be entered against Defendants for statutory damages, actual damages, costs of litigation and attorney's fees, and for other such relief as may be proper and just.

By: _____
Corey D. McGaha
Ark. Bar No. 2003047
William T. Crowder
Ark. Bar No. 2003138
CROWDER MCGAHA, LLP
5507 Ranch Drive, Suite 202
Little Rock, AR 72223
Phone: (501) 205-4026
Fax: (501) 367-8208
cmcgaha@crowdermcgaha.com
wcrowder@crowdermcgaha.com

Daniel A. Edelman
(to be admitted *pro hac vice*)
EDELMAN, COMBS, LATTURNER & GOODWIN LLC
20 S. Clark Street
Suite 1500
Chicago, IL 60603
Phone: (312) 626-3585
dedelman@edcombs.com

In the United States District Court
Eastern District of Arkansas
Western Division

Laura K. Campbell, on behalf of himself
and others similarly situated                                    Plaintiff

v.                              Case No. _____

Michael A. Jacob, II
Jacob Law Group, PLLC
Jefferson Capital Systems, LLC                                   Defendants

## Complaint – Class Action

## Exhibit 1

3/5/2019.                                      Jacob's Law

| Our Focus | Media | Client Objectives | Services | Online Payment | Contact Us | Employment |

## Pay Online Now

Pay a debt securely today.

[ Pay A Debt ]

## Welcome

Jacob Law Group • Jacob Collection Group specialize in national consumer debt collection and creditors' rights. Its clients include national debt collection agencies, national check collection agencies, and purchasers of debt portfolios.



The staff at Jacob Law Group • Jacob Collection Group consist of an experienced attorney and support personnel who have proven asset recovery experience. They combine professionalism and negotiation skills in an effort to collect debt in an ethical and professional manner. Jacob Law Group • Jacob Collection Group utilize aggressive pre-litigation recovery methods that are correspondence and telephone intensive. When applicable, litigation and post-judgment collection efforts are also utilized.

This site is an advertisement. Listing of related or included practice areas herein does not constitute or imply a representation of certification of specialization. Click here for disclaimer.

## Contact Us

### Jacob Law Group • Jacob Collection Group

P.O. Box 948
Oxford, MS 38655 USA
1-877-238-2868

[ Email Us ]

## Associations

- Member of ACA
- NARCA
- Mississippi Trial Lawyers Association
- Mississippi Bar Association

In the United States District Court
Eastern District of Arkansas
Western Division

Laura K. Campbell, on behalf of himself
and others similarly situated                                    Plaintiff

v.                                      Case No. _____

Michael A. Jacob, II
Jacob Law Group, PLLC
Jefferson Capital Systems, LLC                                  Defendants

## Complaint – Class Action

## Exhibit 2

Our Focus    |    Media    |    Client Objectives    |    Services    |    Online Payment    |    Contact Us    |    Employment

# Our Focus

Jacob Law Group • Jacob Collection Group specialize in national consumer debt collection and creditors' rights. Its clients include national debt collection agencies, national check collection agencies, and purchasers of debt portfolios.

The staff at Jacob Law Group • Jacob Collection Group consist of an experienced attorney and support personnel who have proven asset recovery experience. They combine professionalism and negotiation skills in an effort to collect debt in an ethical and professional manner. Jacob Law Group • Jacob Collection Group utilize aggressive pre-litigation recovery methods that are correspondence and telephone intensive. When applicable, litigation and post-judgment collection efforts are also utilized.

Jacob Law Group • Jacob Collection Group's solid reputation is based upon integrity, accountability, commitment to quality, and dedication. The additional value added capability of litigation, in addition to the enforcement of creditors' rights, has availed Jacob Law Group • Jacob Collection Group's clients of world-class capabilities, Fair Debt Collection Practices Act and other applicable laws compliance, and most importantly, expediency, efficiency, and effectiveness of recovery.

Jacob Law Group • Jacob Collection Group's collection group includes skip tracing and asset search teams. These teams have access to the latest technology including online access to multiple credit bureaus, taxing authorities, and internet websites to efficiently gather the information that is relevant to pursuing claims.

Jacob Law Group • Jacob Collection Group believe that fast turnaround time, high recovery ratio, and friendly personal service justify the utilization of their law firm for all of your collection attorney needs.

No matter what business you are in, if you are owed money, Jacob Law Group • Jacob Collection Group have the means and expertise to pursue your debt. Its staff is skilled in developing collection programs that are custom tailored to the client's business needs while achieving the maximum recovery of accounts receivables and consumer debt. Some areas of debt that we regularly collect are:

- Municipal
- Taxes
- Retail
- Credit Card

- Commercial
- Consumer Loans
- Returned Checks
- Medical

This site is an advertisement. Listing of related or included practice areas herein does not constitute or imply a representation of certification of specialization. Click here for disclaimer.

In the United States District Court
Eastern District of Arkansas
Western Division

Laura K. Campbell, on behalf of himself
and others similarly situated                                    Plaintiff

v.                              Case No. _____

Michael A. Jacob, II
Jacob Law Group, PLLC
Jefferson Capital Systems, LLC                          Defendants

## Complaint – Class Action

## Exhibit 3

Our Focus   |   Media   |   Client Objectives   |   Services   |   Online Payment   |   Contact Us   |   Employment

## Services Provided

- Collecting retail and commercial loans
- Filing proofs of claim for Bankruptcy Claims
- Validation of Debt
- Pre-suit demand letters and other communication with debtors
- Address Traces (Skip Tracing)
- Settlement Negotiations
- Payment Plans
- Lump Sum Settlements
- Nationwide Toll Free Number
- Telephone Payments (credit cards, checks, payment plan proposals)
- Online Credit Card Payments
- Asset Investigation
- Lawsuit Preparation
- Post-judgment enforcement i.e.- garnishments, liens, executions, etc.
- Compliance with FDCPA as well applicable State and Federal laws